



**1:21-CV-06374**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| JORGE ALEJANDRO ROJAS,<br><br>*Plaintiff,*<br><br>vs.<br><br>ADT, LLC.,<br><br>*Defendant.* | Case No. _____ JUDGE ROWLAND<br>MAGISTRATE JUDGE COX<br><br>**COMPLAINT FOR DAMAGES** |

Plaintiff, Jorge Alejandro Rojas, brings this action against Defendant ADT, LLC., ("Defendant"), and alleges based on personal knowledge and information and belief, as follows:

**INTRODUCTION**

1. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019. The States likewise field a constant barrage of complaints. For nearly 30 years, representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the "TCPA", generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. Plaintiff brings this action against Defendant for violations of the TCPA, 47 U.S.C. § 227, its implementing regulations, 47 C.F.R § 64.1200, the Illinois Telephone Solicitations Act ("ILTSA"), 815 ILCS 413, and the Illinois Automatic Telephone Dialers Act, 815 ILCS 305.

1

3.  This case involves a campaign by Defender Security, who merged with ADT, to obtain business via itself or affiliates making telemarketing calls, despite not having the required consent to contact Plaintiff.

## JURISDICTION AND VENUE

4.  This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331.

5.  This Court has personal jurisdiction over Defendant as it regularly and systemically conducts business in the state of Illinois. Specifically, ADT has numerous locations in the state. The wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District. Plaintiff resides within this district and was within the district when the calls were made.

6.  This Court has supplemental jurisdiction over Plaintiff's related state law claims pursuant to 28 U.S.C. § 1367.

7.  Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

8.  Plaintiff Jorge Alejandro Rojas is a natural person residing in Bolingbrook, IL 60440, and is a citizen of the State of Illinois.

9.  Defendant ADT LLC is a Delaware Limited Liability Company with its registered agent located at CT Corporation System, 334 North Senate Avenue, Indianapolis, IN 46204, and the address of its principal executive officers of 1501 Yamato Road, Boca Raton, FL, 33431.

10. Defendant is a person as defined by 47 U.S.C. § 153(39).

11. Defendant acted through its agents, affiliates, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## STATUTORY BACKGROUND

12. The TCPA makes it unlawful to make calls to any cellular or residential line using an artificial or prerecorded voice, without the call recipient's prior express consent. *See* 47 U.S.C. § 227(b); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012)

13. The TCPA provides a private cause of action to persons who receive such calls. *See* 47 U.S.C. § 227(b)(3).

14. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. It ordered that: [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

15. The TCPA applies to the "initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 U.S.C. § 227(a)(4).

16. In Illinois, the Automatic Telephone Dialers Act ("ATDA") prohibits "play[ing] a prerecorded message placed by an autodialer without the consent of the called party". 815 ILCS 305/30(b).

## FACTUAL ALLEGATIONS

17. At all times relevant hereto, Plaintiff maintained and used a residential telephone line, with phone number (424) XXX-1582.

18. Plaintiff's phone number is not associated with a business and is used by Plaintiff solely.

19. Plaintiff is the account holder and customary user of his phone number.

20. Plaintiff registered his phone number on the Federal Do Not Call Registry on or around January 18, 2008. **Exhibit 1.**

21. Plaintiff registered his phone number on the Do Not Call list in order to obtain solitude from invasive and harassing telemarketing calls. The calls prevented Plaintiff from using his phone for legitimate purposes.

22. Defendant is a security alarm company that sells products including security monitoring systems.

23. **Call 1.** On July 5, 2021, at 3:55 PM Chicago Time, Plaintiff received a telephone call from "Anthony", from a phone number of 000-000-0000.

24. Plaintiff did not answer the July 5, 2021 3:55 PM telephone call, but alleges that it was made for the purpose of soliciting the purchase of Defendant's alarm system and services.

4

25. **Call 2.** On July 5, 2021, at 3:56 PM Chicago Time, Plaintiff received a telephone call from "Anthony", from phone number 323-987-3702.

26. Plaintiff did not answer the July 5, 2021 3:56 PM telephone call, but alleges that it was made for the purpose of soliciting the purchase of Defendant's alarm system and services.

27. **Call 3.** On July 5, 2021, at 3:57 PM Chicago Time, Plaintiff received a voicemail solicitation[1] from "Anthony," from an Unknown/Blocked number, which stated:

"Hi this is Anthony with the alarm company I'm just doing a follow up call with you to let you know that we're going to actually extend the promotion for the free home security system in your area through this Saturday and since you were hand selected as one of the area residents you're going to not only get all of the equipment at no cost entitled to get the installation at no activation included and then of course the really big purchase going to get the two free video cameras of your choice account with us and one of those could even be the new doorbell cameras so when you have some time give me a call at area code 3232504577 3232504577 and I'll speak with you soon thank you…"

28. **Call 4.** On July 7, 2021, at 2:44 PM Chicago Time, Plaintiff received a voicemail solicitation from "Anthony," from phone number 323-435-0688, which stated:

"Hi this is Anthony with the alarm company I'm just doing a follow up call with you to let you know that we're going to actually extend the promotion for the free home security system in your area through this Saturday and since you were hand selected as one of the area residents you're going to not only get all of the equipment at no cost entitled to get the installation at no cost

---

[1] All of the voicemails transcripts in this Complaint may contain minor errors or omissions due to being taken from Plaintiff's voicemail transcription service.

activation included and then of course the really big part is that you're also going to get the two free video cameras of your choice account with us and one of those could even be the new doorbell camera so when you have some time give me a call at area code 3232504577 3232504577 and I'll speak with you soon thank you…"

29. Plaintiff contacted Anthony on his call back number, to which Anthony called Plaintiff back on, and inquired about the services he was providing. Anthony stated that they were "in the area" and were doing a promotion regarding alarm services. Plaintiff attempted to get additional information from Anthony, which he provided saying that he worked for "Brinks." When asked if he worked for another company, he stated that he's never had someone ask that and hung up the phone.

30. Each time, Defendant identified himself as "Anthony" from "the alarm company."

31. Defendant masked its telephone number to not reveal its true telephone number.

32. A search online of the content of Anthony's voicemails demonstrates that they are the same to all his callers, indicating that Defendant is using an automatic dialer and/or a pre-recorded voice. *See e.g.* https://800notes.com/Phone.aspx/1-323-987-3702.

33. Because Anthony stated he was selling Brinks equipment, Plaintiff sent Brinks Home Security a letter on July 6, 2021 regarding these calls.

34. On July 23, 2021, Brinks sent Plaintiff a letter, stating that Brinks has no connection with Anthony, and that when it contacted Anthony, Anthony stated he worked for Defender Security Company. **Exhibit 2.**

35. On or about July 29, 2021, Plaintiff mailed Defender Security Company a letter regarding this matter in an attempt to settle.

36. Defender Security Company has not replied to Plaintiff's letter.

37. Defender Security Company is listed in the Texas Secretary of State database as a prior name for Defenders, LLC, an Indiana corporation.

38. The Indiana Secretary of State lists Defenders, LLC as merging with ADT LLC on March 31, 2021.

39. Defendant ADT LLC is liable for the acts of the organization it merged with, Defender, under successor liability.

40. Plaintiff alleges that Defendant trains its affiliates to avoid divulging too much information to leads and customers in an effort to evade TCPA liability.

41. Defendant's calls to Plaintiff utilized an automatically generated and/or pre-recorded voice.

42. Defendant's phone calls utilized an Automatic Telephone Dialing System (ATDS) without obtaining Plaintiff's prior express written consent.

43. Plaintiff did not have a prior business relationship with the affiliate.

44. Defendant did not have any consent to call Plaintiff.

45. Defendant is not an organization exempt from the TCPA.

46. Defendant's calls to Plaintiff were a "telephone solicitation" as defined by the TCPA.

47. Defendant's calls to Plaintiff were an "unsolicited advertisement" as defined by the TCPA.

48. Upon information and belief, Plaintiff received additional calls from Defendant and its affiliates not included above.

49. Defendant's made further efforts to conceal their identity by transmitting a deceptive telephone number with a local area telephone codes to Plaintiff's telephone caller identification ("Neighbor Spoofing"). Neighbor Spoofing is done as a way to deceive the called party into believing the telemarketer is a local person or business, increasing the likelihood that the telemarketing call will be answered.

50. The impersonal and generic nature of Defendant's calls demonstrate that Defendant utilized an Automatic Telephone Dialing System (ATDS) and/or a pre-recorded voice in making the calls.

51. In total, Defendant and/or its affiliates placed at least four (4) telephone solicitation calls to Plaintiff.

52. As a result of the foregoing, Plaintiff experienced frustration, annoyance, irritation and a sense that his privacy has been invaded by Defendant.

53. Defendant has a pattern and/or practice of failing to comply with the TCPA, the IL Telephone Solicitations Act, and the IL Automatic Telephone Dialers Act.

54. The foregoing acts and omissions were in violation of the TCPA, the Illinois Telephone Solicitations Act, and the Illinois Automatic Telephone Dialers Act.

### Direct and Vicarious Liability

55. To the extent Defendant outsourced its illegal robocalling to other entities, ADT is still liable for calls that violate the TCPA.

56. On May 9, 2013, the FCC determined that this was not a basis for avoiding liability within a Declaratory Ruling that held that sellers may not avoid liability by outsourcing telemarketing:

[A]llowing the seller to avoid potential liability by outsourcing its telemarketing activities to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions. This would particularly be so if the telemarketers were judgment proof, unidentifiable, or located outside of the United States, as is often the case. Even where third-party telemarketers are identifiable, solvent, and amenable to judgment limiting liability to the telemarketer that physically places the call would make enforcement

in many cases substantially more expensive and less efficient, since consumers (or law enforcement agencies) would be required to sue each marketer separately in order to obtain relief. As the FTC noted, because "[s]ellers may have thousands of "independent" marketers, suing one or a few of them is unlikely to make a substantive difference for consumer privacy.

*In re Joint Petition Filed by DISH Network*, 28 FCC Rcd. 6574, 6588 (¶ 37) (2013) ("May 2013 FCC Ruling") (internal citations omitted).

57. The May 2013 FCC ruling rejected a narrow view of TCPA liability, including the assertion that a seller's liability requires a finding of formal actual agency and immediate direction and control over third parties who place a telemarketing call. *Id*. At 6587 n. 107.

58. The evidence of circumstances pointing to apparent authority on behalf of the telemarketer "should be sufficient to place upon the seller the burden of demonstrating that a reasonable consumer would not sensibly assume that the telemarketer was acting as the seller's authorized agent." Id. At 6593.

59. The May 2013 FCC Ruling held that, even in the absence of evidence of a formal contractual relationship between the seller and the telemarketer, a seller is liable for telemarketing calls if the telemarketer "has apparent (if not actual) authority" to make the calls. *Id*. at 6586 (¶ 34).

60. The May 2013 FCC Ruling rejected a narrow view of TCPA liability, including the assertion that a seller's liability requires a finding of formal agency and immediate direction and control over the third-party who placed the telemarketing call. *Id*. at 6587 n.107.

61.  The FCC has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *See In re Rules & Regulations Implementing the TCPA*, 10 FCC Rcd. 12391, 12397 (1995).

62.  Defendant hired, permitted, and enjoyed the benefits of any of its affiliates mass robocalling.

63.  The May 2013 FCC Ruling states that called parties may obtain "evidence of these kinds of relationships … through discovery, if they are not independently privy to such information." Id. at 6592-593 (¶ 46). Moreover, evidence of circumstances pointing to apparent authority on behalf of the telemarketer "should be sufficient to place upon the seller the burden demonstrating that a reasonable consumer would not sensibly assume that the telemarketer was acting as the seller's authorized agent." *Id*. at 6593 (¶ 46).

64.  Plaintiff will identify who any additional indispensable party behind the telephone call, to the extent it was not solely ADT, during the course of this litigation. In any event, Defendant ADT is responsible for contracting with any affiliate to make the calls at issue in this case.

65.  For the counts identified below, Defendant is directly liable as the party that caused the unlawful calls to be placed.

66.  The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the calling has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

67. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages of up to $1,500.00 for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

68. The acts and omissions of Defendant constitute knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227.

69. Plaintiff seeks injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

70. Plaintiff is also entitled to an award of costs.

71. Defendant's calls were not made for "emergency purposes."

72. Defendant's calls to Plaintiff were made without any prior express written consent.

73. Defendant contacted Plaintiff even though Plaintiff was on the Do Not Call Registry.

74. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

75. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

76. As a result of the above violations of the TCPA, Plaintiff has suffered losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

77. Plaintiff, in discovery will better identify how many telephone calls were made by Defendant and or its agents or affiliates, and requests leave to amend the complaint after identifying the instance count.

/ / /

## COUNT 1.
### Violation of the TCPA's Automated Telemarketing Call Provisions, 47 U.S.C. § 227(b)(1)

78.  Plaintiff incorporates the foregoing paragraphs as through the same were set forth at length herein.

79.  Defendant or one of its affiliates or vendors called Plaintiff's cellular telephone using an "automatic telephone dialing system" and/or a pre-recorded voice as defined by the TCPA on at least four (4) occasions in violation of 47 U.S.C. § 227(b)(1), without Plaintiff's prior express written consent.

80.  Plaintiff was statutorily damaged at least four (4) times under 47 U.S.C. § 227(b)(3)(B) by the Defendant by the telephone calls described above, in the amount of $500.00 for each.

81.  Plaintiff was further statutorily damaged because Defendant willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under 47 U.S.C. § 227(b)(3)(C) for these willful or knowing violations.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendant, in an amount of $6,000.00 plus costs and any other remedy deemed appropriate.

## COUNT 2.
### Initiating A Telephone Solicitation To A Telephone Subscriber Who Has Registered His Number On The Do-Not-Call List At Least 31 Days Prior To The Telephone Call. 47 C.F.R. § 64.1200(C)(2)

82.  Plaintiff incorporates the foregoing paragraphs as through the same were set forth at length herein.

83.  Plaintiff's telephone number has been registered on the Federal Do Not Call Registry since at least 30 days prior to the calls described above.

84. Defendant called Plaintiff's telephone at least four (4) times after Plaintiff's telephone had been registered on the Do Not Call Registry for at least 31 days before Defendant's calls, in violation of 47 C.F.R. § 64.1200(c)(2).

85. Plaintiff was statutorily damaged at least four (4) times under 47 U.S.C. § 227(c)(5)(B) by the Defendant by the telephone calls described above, in the amount of $500.00 for each of the four (4) telephone calls.

86. Plaintiff was further statutorily damaged because Defendant willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under 47 U.S.C. § 227(c)(5)(C) for these willful or knowing violations.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendant, in an amount of $6,000.00 plus costs and any other remedy deemed appropriate.

## **COUNT 3.**
Violations of The Illinois Telephone Solicitations Act, 815 ILCS 413

87. Plaintiff incorporates the foregoing paragraphs as through the same were set forth at length herein.

88. The Illinois Telephone Solicitations Act, inter alia, prohibits the making of a call in a manner which impedes the function of caller ID. 815 ILCS 413/15(c).

89. The Illinois Telephone Solicitations Act allows for the recovery of three times the actual damages assessed for a violation of the Act.

90. Each call Defendant made impeded the function of caller ID by utilizing a fake or blocked phone number.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendant, in an amount of three times actual damages plus costs and any other remedy deemed appropriate.

## COUNT 4.
### Violations of the Illinois Automatic Telephone Dialers Act ("ATDA"), 815 ILCS 305/1

91. Plaintiff incorporates the foregoing paragraphs as through the same were set forth at length herein.

92. The ATDA prohibits "play[ing] a prerecorded message placed by an autodialer without the consent of the called party." 815 ILCS 305/30(b).

93. Defendant did not have the consent of Plaintiff to play a prerecorded message placed by an autodialer.

94. Nonetheless, Defendant or one of its affiliates or vendors did.

95. The ATDA allows for the recovery of statutory damages of $500 per call.

96. Defendant violated the ATDA each time it called Plaintiff, for a total of four (4) times.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendant, in an amount of $2,000.00 plus costs and any other remedy deemed appropriate.

## COUNT 5.
### Violation concerning Identification of Sellers and Telemarketers, 47 C.F.R. § 64.1200(d)(4)

97. Plaintiff incorporates the foregoing paragraphs as through the same were set forth at length herein.

98. The TCPA's implementing regulations require that the caller provide the called party the name of the individual caller, the name of the person or entity on whose behalf the call is made, and a telephone or address where the person may be reached.

99. Defendant violated this provision by providing incorrect information regarding the entity he represents, saying he worked for Brinks, or simply "alarm company," instead of Defender, ADT, or any other actual vendor he worked for.

100. Plaintiff was statutorily damaged at least four (4) times under 47 U.S.C. § 227(c)(5)(B) by the Defendant by the telephone calls described above, in the amount of $500.00 for each of the four (4) telephone calls.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendant, in an amount of $2,000.00 plus costs and any other remedy deemed appropriate.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered in favor of him and against Defendant, in an amount to be more fully determined at trial, but at least $16,000.00 as permitted by statute, as follows:

A. All actual damages Plaintiff suffered;

B. Statutory damages of $500.00 per call for each and every violation of 47 U.S.C. § 227(b);

C. Treble damages of $1,500.00 per call for each violation determined to be willful and/or knowingly pursuant to 47 U.S.C. § 227(b)(3)(C).

D. Statutory damages of $500.00 per call for each and every violation pursuant to 47 U.S.C. § 227(c)(5)(B);

E. Treble damages of $1,500.00 per call for each violation determined to be willful and/or knowingly pursuant to 47 U.S.C. § 227(c)(5)(C);

F. Triple actual damages under the Illinois Telephone Solicitations Act for impeding the function of caller identification;

G. Statutory damages of $500 per call for violation of the Illinois Automatic Telephone Dialers Act;

H. Statutory damages of $500 per call in violation of 47 C.F.R. § 64.1200(d)(4);

I. All reasonable attorneys' fees, witness fees, court costs, interest, and other litigation costs incurred by Plaintiff;

J. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

K. Leave to amend this Complaint to conform to the evidence presented at trial; and

L. Any other relief this Court deems proper.

Respectfully submitted,

Dated: November 29, 2021

<u>/s/ Jorge Alejandro Rojas</u>

Jorge Alejandro Rojas
557 Cambridge Way
Bolingbrook, IL 60440
Rojas.jorge96@gmail.com
424-219-1582
Plaintiff in *Pro Se*

# **EXHIBIT 1**

# **EXHIBIT 1**

 Gmail

Jorge Rojas <rojas.jorge96@gmail.com>

## National Do Not Call Registry - Your Registration Is Confirmed

**Verify@donotcall.gov** <Verify@donotcall.gov>                                   Fri, Jun 18, 2021 at 12:15 PM
To: rojas.jorge96@gmail.com

Thank you for registering your phone number with the National Do Not Call Registry. You successfully registered your phone number ending in 1582 on January 18, 2008. Most telemarketers will be required to stop calling you 31 days from your registration date.

Visit https://www.donotcall.gov  to register another number or file a complaint against someone violating the Registry.

*********************************************************************************************************************

Please do not reply to this message as it is from an unattended mailbox. Any replies to this email will not be responded to or forwarded. This service is used for outgoing emails only and cannot respond to inquiries.

# EXHIBIT 2

# EXHIBIT 2



1990 Wittington Place
Dallas, TX 75234

Jorge Rojas
557 Cambridge Way
Bolingbrook, IL 60440

July 23, 2021

Dear Mr. Rojas,

Please allow this letter to serve as a response to your correspondence dated July 7, 2021, regarding the phone calls you received from Anthony.

A review of Brinks Home records has confirmed we have not contacted you at the phone number provided in your letter.   Brinks Home does not place unsolicited telemarketing calls to consumers. Brinks Home reached out to Anthony at the phone number you provided, and he advised he works for Defender Security.  Brinks Home has no business relationship with Defender Security.

In light of the above information Brinks Home does not believe it has violated the statutes referenced in your letter and respectfully declines to pay the requested settlement.

Sincerely,

Stacey Rocha
Executive Response Team
888.758.5900

Monitronics International Inc. dba Brinks Home Security, P.O. Box 814530, Dallas, TX 75381: AL: ALSt. Lic. #0009; AR: Regulated by: Dept. of Arkansas State Police, 1 State Police Plaza Dr., Little Rock, AR 72209, 501-618-8600- CMPY-0000574; AZ: 18004-0; Not a licensed contractor; CA: ACO7788; DE: 98-91; DE: CSRSL-0068; FL: EG13000628; GA: LVA205341; IL: 127.000918; MD:107- 2123; MI: 625 Kenmoor Ave. SE, Suite 301, Grand Rapids, MI 49546; 3601206943; NC: 2692-CSA; NJ:Burglar Alarm Business License Number 34BX00022800; NY: Licensed by the N.Y.S Department ofState-12000330683; OH: 53.89.1885 OK: AC-41502; OR: 7055; PA: PA133664; RI: 4913; SC:BAC.13690; TN: 448; TX: B07727; TX: ACR-1937157; UT 297872-6501; VA: 11-15156; WA: ECBRINKHS823LL. Monitronics Security LP, P.O. Box 814530, Dallas, TX 75381: AL: AL St. Lic.#1062;AR: Regulated by: Dept. of Arkansas State Police, 1 State Police Plaza Dr., Little Rock, AR 72209;501-618-8600- CMPY-0001651; A2: 21119-0; Not a licensed contractor; CA: ACO6492; DE: 07-214; DE:CSRSL -0027; FL: EG13000638; IL: 127.001321; MD: 107-2184; MI: 625 Kenmoor Ave. SE, Suite301, Grand Rapids, MI 49546; 3601207003; NC: 2725-CSA; NY: Licensed by the N.Y.S. Department of State-1200029351O; OH: 53.89.1787; OK: AC-1175; OR: 1418; PA: PA105028; RI: 4913A; SC:BAC.13605; TN: 1306; TX: B14431; TX ACR-1660144; UT: 6505305-6501; VA: 11-5197; WA: ECMONITSL824LG. LiveWatch Security, LLC, P.O. Box 814530, Dallas, TX 75381: CA: ACO 7744; DE:13-55; FL: EG13000637; IL: 127.001443; MD: 107-2264; NY: Licensed by the N.Y.S Department of State – 12000309712; RI: 1368A; TN: 1781; TX: B05209901; VA: 11-6572; WA: CC LIVEWSL834P7



# CHASE

Printed from Chase Personal Online

| Send on | Deliver by | Status | Payee | Amount |
|---|---|---|---|---|
| Nov 29, 2021 | Dec 6, 2021 | Funded | ILND | $402.00 |
| | | | PLAINTIFF JORGE A ROJAS | |

| | |
|---|---|
| Status | We withdrew money from your account to pay your bill. |
| Paid from | TOTAL CHECKING (...3701) |
| Delivery method | 5 business day paper check |
| Memo | ROJAS V. ADT LLC (EMAILED 11/28) |
| Transaction number | 13111686048 |

To cancel your payment, please

see our cancellation policy.